BRONSON LAW OFFICES, P.C.
H. Bruce Bronson
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 PH
888-908-6906 FAX
hbbronson@bronsonlaw.net
*Proposed Counsel to Debtors and*
*Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

                                                       Chapter 11

Krishna Bhagwandeen and
Mahadai Bhagwandeen                   Case No.:25-

                  Debtors.
-------------------------------------------------------x

## **DEBTOR'S DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4**

STATE OF NEW YORK        )
                                        ) ss.:
COUNTY OF QUEENS         )

      Krishna Bhagwandeen and Mahadai Bhagwandeen, declare under penalty of perjury as follows:

1. We are the debtors in this chapter 11 bankruptcy filing (the "**Debtor**").

2. We own and operate a small furniture store under the company name Larry's Furniture Inc., our income is our salaries from the business of approximately $450.00 a week each.

3. We submit this application in accordance with Local Bankruptcy Rule 1007-4.

4. We filed for Chapter 11 bankruptcy on February 21, 2025 (the "**Petition Date**") mainly because we are personally liable for two business lawsuits.

5. We are filing for Chapter 11 instead of Chapter 13 so that we are not limited to a five year repayment period.

6. One lawsuit arose from a wage dispute with a former employee of our family business and the other is from a landlord who previously evicted a now defunct business. We would like to satisfy these obligations and prevent these lawsuits from becoming liens against our home.

7. We own our home located at 97-22 108th Street, South Richmond Hill, NY 11419 (the "**Property**").

8. We previously transferred the deed to our home from Krishna and Mahadai to just Mahadai's name based on some bad advice. However, the Supreme Court reversed the transfer as a fraudulent conveyance and the Property was returned to being in both of our names.

9. We have reviewed the petition, schedules and all documents filed in connection with the Petition, and we are familiar with the facts alleged and any relief requested therein.

10. All facts set forth in this Declaration are based upon: (i) personal knowledge; (ii) our review of relevant documents; and (iii) our opinion based upon our experience and knowledge with respect to our business operations and financial condition. All financial information submitted with this Declaration is an estimate and unaudited, unless otherwise indicated.

**BACKGROUND OF THE DEBTORS**

11. The mortgage on the Property is held by Caliber Home Loans ("**Caliber**").

12. We are current on the mortgage and the current balance is approximately $103,490.

13. We have never filed for bankruptcy before.

14. We intend to file a chapter 11 plan to pay 100% of our unsecured debt including the lawsuits over ten years and expect that our plan payments will total approximately $900 per month will be sufficient.

   a. **Whether the Debtor is a small business debtor LR 1007-4(a)(i) and whether the Debtor is a single asset real estate debtor within the meaning of Bankruptcy Code Section 101(51D) LR 1007-4(a)(ii).**

15. The Debtors are individuals and therefore are not a small business within the meaning of Bankruptcy Code § 101(51D).

   b. **Debtor's business and circumstances leading to the Debtor's filing. LR 1007-4(a)(iii).**

16. Our circumstances for filing are set forth above under Background of the Debtor.

   c. **In a case commenced under chapter 7, 12 or 13, the name and address of any trustee appointed in the case and, in a case originally commenced under chapter 7, the names and addresses of the members of any creditors' committee elected under Bankruptcy Code § 705. LBR 1007-4(a)(iv).**

17. This case was not originally commenced under chapter 7, 12 or 13.

   d. **The names and addresses of the members of, and professionals employed by, any committee organized prior to the order for relief in the chapter 11 case, and a description of the circumstances surrounding the formation of the committee and the date of its formation. LBR 1007-4(a)(v).**

18. No committee has been organized prior to the order for relief in this chapter 11 case.

   e. **The 20 largest general unsecured claims, excluding insiders: name, address, telephone number, names of persons familiar with the debtor's account, amount of the claim, and whether the claim is contingent, unliquidated, disputed, or partially secured. LBR 1007-4(a)(vi).**

19. The names and addresses of the twenty (20) largest unsecured creditors excluding (i) those creditors who or which would not be entitled to vote at a creditors' meeting under 11 USC Section 702; (ii) such creditors who were employees of the Debtors at the time of

the filing of its petition for reorganization; and (iii) creditors who are insiders as that term is defined in 11 USC Section 101(31) are annexed hereto as "**Exhibit A**".

 **f. The 5 largest secured claims: name, address, amount of the claim, a description and an estimate of the value of the collateral securing the claim and whether the claim or lien is disputed. LBR 1007-4(a)(vii).**

20. The only secured creditors known to me are as follows:

 Caliber Home Loans, Inc.              $103,490
 601 Office Center Dr.
 Fort Washington, PA 19034-3275

 **g. A summary of the debtors' assets and liabilities. LBR 1007-4(a)(viii).**

21. See attached "**Exhibit B**" which lists the Debtors' assets and liabilities.

 **h. The number and classes of shares of stock, debentures, or other securities of the debtor that are publicly held. LBR 1007-4(a)(ix)**

21. The Debtors are individuals and do not have shares of stock.

 **i. A list of all of the Debtors' property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity. LBR 1007-4(a)(x).**

22. None.

 **j. A list of the premises owned, leased, or held under any other arrangement from which the Debtor operates its business. LBR 1007-4(a)(xi)**

23. None.

 **k. The location of the debtors' significant assets, the location of its books and records and the nature, location, and value of any assets held by the debtors outside the territorial limits of the United States. LBR 1007-4(a)(xii).**

24. Our assets are located at the Property.

 **l. The nature and present status of each action or proceeding, pending or threatened, against the debtor or its property where a judgment against the debtor or a seizure of its property may be imminent. LBR 1007-4(a)(xiii).**

25. The actions pending against the Debtors are as follows:

- *Wint. v. Larry's Furniture Inc., et. al., Index No. 24-cv-02200*
- *Franpo Realty, LLC v. Power Furniture Inc. et al., Index No. 651022/2020*

    **m. The names of the debtors' existing senior management, their tenure with the debtors, and a summary of their relevant responsibilities and experience. LBR 1007-4(a)(xiv).**

26. The Debtors are individuals and have no management personnel.

    **n. The estimated amount of the weekly payroll to employees (exclusive of officers, directors, stockholders, partners and members) for the 30-day period following the filing of the chapter 11 petition. LBR 1007-4(a)(xv).**

27. There are no employees of the Debtors.

    **o. The amount paid and proposed to be paid for services for the 30-day period following the filing of the chapter 11 petition to (A) Officers and directors. LBR 1007-4(a)(xvi).**

28. None.

    **p. A Schedule for the 30-day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees, and any other information relevant to an understand of the foregoing. LBR 1007-4(a)(xvii).**

29. Attached hereto as "**Exhibit C**".

    **q. A schedule of the debtors' current insurance policies, including the identity of the insurer, policy period and type of insurance for each insurance policy listed.**

30. Attached hereto as **"Exhibit D"**.

    **r. A schedule of the Debtors' bank accounts, including the name and address of the banking institution where the accounts are held, the name on the account, and the nature of the account for each bank account listed.**

31. Attached hereto as **"Exhibit E".**

    **s. Such additional information as may be necessary to fully inform the Court of the debtor's rehabilitation prospects. LBR 1007-4(a)(xx).**

32. We believe that it is in the best interests of our creditors that we are afforded an opportunity to reorganize and pay our debts.

Pursuant to 28 USC section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February _, 2025

/s/*Krishna Bahagwandeen*
Krishna Bahagwandeen

/s/*Mahadai Bahagwandeen*
Mahadai Bahagwandeen

# EXHIBIT A

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

See attached.

# EXHIBIT B
# ASSETS AND LIABILITIES

**Assets**

**Real Property**

97-22 108th Street, South Richmond Hill, NY					$	650,000.00

**Personal Property**							$	 25,100.00

Total Assets								$	675,000.00

**Liabilities**
**Secured Debts**
Caliber Home Loans Inc.						$	103,490.00

**Unsecured Debts**							$	101,223.68

Total Debt								$	204,713.68

**Net Assets**								$	470,286.32

# EXHIBIT C

## SCHEDULE OF ANTICIPATED CASH RECEIPTS AND DISBURSEMENTS FOR THE THIRTY DAY PERIOD FOLLOWING FILING OF THE CHAPTER 11 PETITION

**Income and Expense**

**Income**

| | | |
|---|---|---|
| Employment (net of taxes and deductions) | $ | 3,900.00 |

**Expense**

| | | |
|---|---|---|
| Mortgage | $ | 1,452.00 |
| General Expenses | $ | 1,548.00 |
| | $ | 3,000.00 |
| **Net** | **$** | **900.00** |

**EXHIBIT D**

**INSURANCE**

**Maintained by Lender/To Be Provided**

**EXHIBIT E**

**BANK ACCOUNTS**

Debtors have an account at Capital One which they will turn into a DIP account. Acct. No. XXXXXXX 8427