H. BRUCE BRONSON, ESQ.
*Counsel to Debtors and Debtors in Possession*
Bronson Law Offices, P.C.
480 Mamaroneck Ave.
Harrison, NY 10528
Tel. 914-269-2530
Fax. 888-908-6906
Email: hbbronson@bronsonlaw.net

**Hearing Date: October 1, 2026**
**Hearing Time: 10:30 A.M.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

KRISHNA AND MAHADAI BHAGWANDEEN,

Chapter 11
Case No: 25-40906 (ess)

Debtors.
----------------------------------------------------------------x

**DEBTORS' DECLARATION AND PROFFER OF EVIDENCE DEMONSTRATING COMPLIANCE WITH SECTIONS 1129 and 1123 OF THE BANKRUPTCY CODE**

In furtherance of the hearing for confirmation of KRISHNA AND MAHADAI BHAGWANDEEN'S (the "**Debtors**") Plan of Reorganization on October 1, 2026 (the "**Hearing Date**"), the undersigned, declare the following to be true, correct and accurate, under penalty of perjury as of the date hereof, pursuant to 28 U.S.C. §1746:

**PROFFER**

The Debtors request that this Court enter an order approving the Plan of Reorganization filed on August 6, 2026 [ECF Dkt. No. 51] (the "**Plan**"). To date there have been no objections to the Plan. To confirm the Plan the Court must find, by a preponderance of the evidence, that the Plan, and the proponent of the Plan has complied with the requirements of section 1129 of the Bankruptcy Code.

This offer of proof is made to demonstrate compliance with Bankruptcy Code §1129 in

support of confirmation of Debtors' Plan served with the Order Conditionally approving the Debtors' Disclosure Statement [ECF Dkt. No. 52] (the "**Order**").

A. Sources of Evidence of Compliance with 11 U.S.C. §1129.

1. Judicial Notice. Preliminarily, the undersigned asks the Court to take judicial notice of all documents filed in Debtors' bankruptcy case, including proofs of claim.

2. Proffered Testimony of the Debtors The undersigned proponents, will appear in person or by zoom or other electronic means in the Courtroom on the Hearing Date and will confirm this Declaration and Proffer of Evidence and testify under oath as set forth below from their own personal knowledge and information provided to them by their professionals, from their review of the Debtors' records and bank statements maintained by the Debtors in the ordinary course of their regularly conducted activities and from their knowledge concerning the operations and financial affairs of the Debtors; and Debtors will be available for cross examination.

Compliance with §1129.

3. §1129(a)(1). A review of the Plan, together with a proffer of testimony of the undersigned, shows that the Debtors have satisfied Bankruptcy Code §1129(a)(1), which incorporates sections 1122 and 1123. The Plan complies with the mandatory plan requirements set forth in Bankruptcy Code §1123(a), and all plan provisions are permitted by Bankruptcy Code §1123. The Plan provides for reorganization of the Debtors for which their

current income provides adequate means for the Debtors to fund the Plan.

The Plan also complies with Bankruptcy Code §1124. Valid, legal and factual reasons exist for the separate classification of each of the classes of claims created and treated under the plan. The claims in each class are substantially similar to the other claims in the same class.

**Class 1**: consists of all Allowed Priority Claims, other than Priority Tax Claims.

**Class 2**: consists of all Allowed Secured Claims.

**Class 3**: consists of the Allowed Unsecured Claims divided into subclasses 3A and 3B.

There are no known Priority Tax Claims; however, there are Claims of bankruptcy counsel in the amount of **$19,400.55 (to be reduced by $190 by agreement with the UST's office** (subject to approval of the fee application set to be heard contemporaneously with approval of the Plan that will be paid on the Effective Date, unless agreed upon otherwise. Accordingly, Section 1129(a)(9)(C) has been complied with.

4. Section 1129(a)(2). The undersigned state that to the best of their knowledge, the (1) Debtors have complied with the requirements of the Bankruptcy Code while debtors in possession; and (2) the Debtors used only debtor in possession bank accounts; (3) filed all monthly operating reports; (4) paid professionals only pursuant to court orders; (5) paid obligations arising before the bankruptcy filing only with court approval; (6) sold assets outside the

ordinary course of business only with prior court approval; (7) did not solicit votes on the Plan until after the Court's conditional approval of the disclosure statement. This testimony, together with documents on file in this bankruptcy case, orders approving retention of professionals and approving fee applications, the monthly operating reports, the disclosure statement and plan of reorganization, the order and notice approving the disclosure statement and fixing the plan confirmation deadlines, and the certificate of service of the plan packages, establish that Bankruptcy Code §1129(a)(2) has been satisfied.

5. Section 1129(a)(3). The undersigned state that from the beginning of this case, Debtors have worked in good faith toward confirmation of the Plan. The undersigned state that the Debtors have proposed the Plan in good faith after negotiations with creditors and not by any means known to the Debtors that are forbidden by law. The undersigned state that the principal purpose of the Plan is to reorganize the Debtors and is not to avoid taxes or any applicable securities laws. Confirmation of the Plan is consistent with public policy. This testimony establishes that Bankruptcy Code §1129(a)(3) has been satisfied.

6. Section1129(a)(4). The undersigned state, that any payment made by the Debtors to any professional person for services or for costs and expenses in connection with the plan or incident to this bankruptcy case has been approved by this Court or will be approved by this Court prior to payment. The Debtors do not intend to make any further payments without Court approval, **if** Court

approval is required. There are no persons issuing securities or acquiring property under the Plan other than as stated in the Plan. This testimony establishes that Bankruptcy Code §1129(a)(4) has been satisfied.

7. Section 1129(a)(5). This section does not apply to individual Debtors and therefore is not a factor.

8. Section 1129(a)(6). Does not apply to the Debtors since the Debtors do not have rates approved by governmental regulatory commissions.

9. Section 1129(a)(7). The undersigned state that with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has either accepted the plan; or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date. Further there has been no election under Section 1111(b)(2). Accordingly, the Debtors have satisfied Bankruptcy Code §1129(a)(7).

10. Section 1129 (a)(8). The undersigned state that there are no known class 1 claims, the class 2 secured claim is being paid in accordance with its terms and such claim is not impaired, class 3 unsecured claims in subclasses 3A and 3B have voted in favor of the Plan (see ECF Dkt. 58-Certificate as to Balloting) will be paid in full over five years in equal monthly payments beginning on the effective date.

11. Section 1129(a)(9). The undersigned testify that there are no claims of a kind specified in section 507(a)(2) or 507(a)(3) of the Bankruptcy Code, except for

counsel fees which will be paid by the Debtors on the Effective Date. Further there are no claims as specified in sections 507(a)(1), 507(a)(4), 507(a)(6), or 507(a)(7) of the Code and accordingly sections 1129(a) (9) (A) and (B) do not apply. The undersigned further states that with respect to Section 1129 (a)(9)(C) of the Bankruptcy Code, there are no claims of a kind specified in section 507(a)(8), or such claims are being paid in full. The undersigned also states that Section 1129(9)(D) does not apply to the Debtors.

12. Section 1129(a)(10). Class 3 has voted in favor of the Plan including both subclasses A and B; therefore Section 1129(a)(10) of the Bankruptcy Code is satisfied, if it was necessary to be satisfied.

13. Section 1129(a)(11). The undersigned state that the source of funds to make payments to creditors under the Plan will be from the Debtors' regular monthly income and that there are sufficient funds to do so. In the undersigneds' opinion 1129(a)(11) is satisfied.

14. Section 1129(a)(12). The undersigned state that the Debtors are current on their payments to the United States Trustee or will be current on their payments immediately after the Effective Date of the Plan. The Debtors intend to pay all additional fees owing to the Office of the United States Trustee as and when they become due and payable. This testimony establishes that Bankruptcy Code §1129(a)(12) has been satisfied.

15. Section 1129(a)(13). As to this Section, the undersigned testify that it does not apply since the Debtors offer no retiree benefits;

16. Section 1129(a)(14). The undersigned testify that they have no domestic support

obligations and accordingly this Section is complied with.

17. Section 1129 (a)(15). The Debtors testify that either there are no objections to the Plan or the value, as of the effective date of the plan, of the property to be distributed under the plan on account of such claim is not less than the amount of such claim.

18. Section 1129(a)(16). The undersigned testify that the proposed transfers of property under the Plan are made in accordance with all applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust and thus, Bankruptcy Code § 1129(a) (16) has been satisfied.

19. Section 1129(b)(1). The undersigned testify that Section 1129(b)(1) and 1129 (b)(2) to the extent they apply have been met. In the opinion of the undersigned, the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interest and no class or claim is being paid other than in the order of priority as required by the Bankruptcy Code; and with respect to a class of secured claims, (i) the Plan provides that as to secured claims the holders of such claims retain the liens securing such claims, and (ii) that each holder of a secured claim is receiving on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property; and no sale of the property is presently contemplated; (iii) or the indubitable equivalent of such claims is being received by a secured creditor.

20. With respect to unsecured claims (Section 1129(b)(2)(B) the plan provides that

each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim or the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property

**Having complied with Bankruptcy Code Section 1129 and the other required collateral provisions of the Bankruptcy Code that are incorporated in Section 1129, the undersigned Debtors respectfully ask that the Court confirm the Plan and swear, declare and state under oath that the foregoing is true and correct as of the date hereof, and the undersigned proffers this declaration as their testimony, under oath and if called upon will testify on the Hearing Date that the above continues to be true and correct.**

Dated: September 25, 2026

/s/ *Krishna Bhagwandeen*
Krishna Bhagwandeen

/s/ *Mahadai Bhagwandeen*
Mahadai Bhagwandee